SUMMARY ORDER

Qemal Xharo, a native and citizen of Albania, seeks review of a November 24, 2008, order of the BIA denying his motion to reopen. In re Qemal Xharo, No. A078 206 053 (B.I.A. Nov. 24, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially “changed circumstances arising in the country of nationality.” 8 C.F.R. § 1003.2(c)(3)(h). Additionally, in an untimely motion to reopen based on changed country conditions, the movant must also demonstrate prima facie eligibility for relief. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Here, the BIA did not abuse its discretion in denying Xharo’s motion to reopen, which was indisputably untimely. See 8 C.F.R. § 1003.2(c)(2). Xharo argues, however, that he met an exception to the time limit by establishing changed country conditions in Albania. In addition, Xharo asserts that such new evidence demonstrates his prima facie eligibility for asylum.
The BIA did not abuse its discretion in finding that Xharo failed to establish pri-ma facie eligibility for the underlying relief he sought based on his political opinion where the agency had previously found that same claim not credible. See Poradisova v. Gonzales, 420 F.3d 70, 78 (2d Cir.2005). In his motion, Xharo asserted that the evidence he submitted corroborated his claim that he experienced persecution on account of his support of the Albanian Democratic Party. However, we have held that the BIA may deny a motion to reopen if it fails to overcome a prior adverse credibility determination. Paul v. Gonzales, 444 F.3d 148, 155 n. 5 (2d Cir.2006); see also Kaur v. BIA, 413 F.3d 232, *495 234 (2d Cir.2005) (per curiam); see also Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147-48 (2d Cir.2007). Thus, we find no abuse of discretion in the BIA’s denial of Xharo’s motion to reopen because it was based on the same claim of political persecution the agency previously found not credible.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.